| | | |
|---|---|---|
| PERFORMANCE FOOD GROUP, INC.<br>12500 W. Creek Parkway<br>Richmond, VA 23238, | ) ) ) ) ) | **United States District Court**<br>**Northern District of Illinois** |
| Plaintiff, | ) | **Case Number: 23-cv-3389** |
| v. | ) ) ) | |
| TAHINI FOUR INVESTMENTS INC.<br>d/b/a IDOF BELMONT<br>851 W. Belmont St.<br>Chicago, IL 60657, | ) ) ) ) ) | |
| IDOF TAYLOR INC.<br>1129 W. Taylor St.<br>Chicago, IL 60607, | ) ) ) ) | |
| IDOF NAVYPIER INC.<br>600 E. Grand Ave., Unit # SA-14 .<br>Chicago, IL 60611, | ) ) ) ) | |
| IDOF MGMT LLC<br>1080 Nerge Rd., Suite 205<br>Elk Grove Village, IL 60007 | ) ) ) ) | |
| and | ) ) | |
| IMRAN KASBATI<br>6251 N. Lincoln Ave.<br>Morton Grove, IL 60053, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

As its complaint against the above-named defendants, plaintiff, Performance Food Group, Inc., alleges as follows:

**Parties**

1. Plaintiff, Performance Food Group, Inc., ("PFG"), is a distributor of foodservice products incorporated under the laws of Colorado, with its principal place of business located at

12500 W. Creek Parkway, Richmond, Virginia 23238. PFG is a citizen of Colorado and Virginia.

2. Defendant, Tahini Four Investments Inc., d/b/a IDOF Belmont ("IDOF Belmont"), is a restaurant company incorporated under the laws of Illinois, with its principal place of business located at 851 W. Belmont Ave., Chicago, Illinois 60657. IDOF Belmont is a citizen of Illinois.

3. Defendant, IDOF Taylor Inc. ("IDOF Taylor"), is a restaurant company incorporated under the laws of Illinois, with its principal place of business located at 1129 W. Taylor St., Chicago, Illinois 60607. IDOF Taylor is a citizen of Illinois.

4. Defendant, IDOF NavyPier Inc. ("IDOF NavyPier"), is a restaurant company incorporated under the laws of Illinois, with its principal place of business located at 600 E. Grand Ave., Unit # SA-14, Chicago, Illinois 60611. IDOF NavyPier is a citizen of Illinois.

5. Defendant, IDOF Mgmt, LLC ("IDOF Mgmt"), is an Illinois limited liability company with a principal place of located at 1080 Nerge Rd., Suite 205, Elk Grove Village, Illinois, 60007. IDOF Mgmt operates restaurants under the following trade names at the following locations: Tahini Two Investments a/k/a IDOF Jackson ("IDOF Jackson") located at 60 E. Jackson Ave., Chicago, Illinois 60604; IDOF Loyola Station located at 6558 N. Sheridan Rd., Chicago, Illinois 60626; and IDOF Commissary located at 212 W. Van Buren St., Chicago, Illinois 60607. IDOF Mgmt has the following two members: Shoaib Aziz and Mohammed I. Kasbati, both of whom are domiciled at 212 W. Van Buren St., # 100, Chicago, Illinois 60607. IDOF Mgmt is a citizen of Illinois.

6. Defendant, Imran Kasbati, is domiciled at 6251 N. Lincoln Ave., Morton Grove, Illinois 60053. Imran Kasbati is a citizen of Illinois.

**Jurisdiction and Venue**

7. Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(1). Complete diversity of citizenship exists between the parties, and the amount in controversy involves, exclusive of interest and costs, sums exceeding $75,000.00.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), because defendants reside in this District.

**General Allegations Concerning the Foodservice Products Customer Distributor Agreement Relevant to the Claims for Relief Set Forth Below**

9. Imran Kasbati is the restauranteur behind the I Dream Of Falafel chain of restaurants, which specialize in Mediterranean and middle eastern cuisine, and he is involved in the ownership and/or management of each of the entity defendants named above.

10. On August 19, 2019, Imran Kasbati entered into a Foodservice Products Customer Distributor Agreement (the "Distributor Agreement") on behalf of IDOF Belmont, IDOF Taylor, IDOF NavyPier and the restaurants operated by IDOF Mgmt (collectively referred to hereinafter as the "IDOF Entities") whereby PFG issued a $150,000.00 loyalty allowance credit to the IDOF Entities' account in consideration for the IDOF Entities designating PFG as their primary foodservice distributor for a minimum term of four (4) years and total minimum purchases of at least $5,200,000.00 over the life of the Distributor Agreement. A true copy of the Distributor Agreement is attached hereto as **Exhibit 1**.

11. On or about February 21, 2022, the Distributor Agreement was terminated due to IDOF Entities' failure to pay for goods received. At the time of termination, there were 18 months left in the minimum term of the Distributor Agreement and a $3,394,814.43 sales shortfall in the $5,200.000.00 minimum purchases required under the Distributor Agreement.

12. Pursuant to the terms of the Distributor Agreement, each of the IDOF Entities is jointly and severally liable for the return to PFG of the prorated portion of the $150,000.00 loyalty allowance based upon the total minimum term and the number of months remaining in the Distributor Agreement, which prorated portion equals $56,250.00.

13. PFG has demanded return payment of the prorated portion of the loyalty allowance from the IDOF Entities, but no payment has been forthcoming.

## Claims for Relief

### COUNT I – BREACH OF CONTRACT
**(as to defendant IDOF Belmont)**

14. PFG repeats and realleges the allegations in paragraphs 1 through 13 of this complaint as if fully set forth herein.

15. On July 15, 2015, IDOF Belmont tendered to PFG an Account Application. A true copy of the Account Application is attached hereto as **Exhibit 2**.

16. PFG accepted the Account Application, and a line of credit was approved based upon the terms of the Account Application.

17. PFG relied on the Account Application and the Distributor Agreement when it subsequently provided goods and services to IDOF Belmont.

18. Between November 2021 and February 2022, PFG delivered goods and services to IDOF Belmont at IDOF Belmont's request priced at $41,119.06.

19. IDOF Belmont accepted the goods and services.

20. PFG demanded payment from IDOF Belmont and billed IDOF Belmont by invoice for the goods and services provided, but IDOF Belmont failed to pay the open invoices. A true copy of the Account Statement reflecting the unpaid invoices and open account balance is attached hereto as **Exhibit 3**.

21. There remains due and owing $41,119.06 from IDOF Belmont to PFG for the goods and services provided to IDOF Belmont between November 2021 and February 2022, in addition to the $56,250.00 in return loyalty allowance owed by IDOF Belmont to PFG under the Distributor Agreement, for a total sum of $97,369.06 owed by IDOF Belmont to PFG.

22. IDOF Belmont is further liable to PFG under the Account Application for contractual interest of 1.5% per month ($616.79/month since May 2, 2022) and all costs of collection incurred by PFG, including attorney's fees and expenses.

23. PFG has complied with all conditions precedent to its right to recovery hereunder.

## COUNT II – BREACH OF CONTRACT
### (as to defendant IDOF Taylor)

24. PFG repeats and realleges the allegations in paragraphs 1 through 23 of this complaint as if fully set forth herein.

25. On October 17, 2017, IDOF Taylor tendered to PFG an Account Application. A true copy of the Account Application is attached hereto as **Exhibit 4**.

26. PFG accepted the Account Application, and a line of credit was approved based upon the terms of the Account Application.

27. PFG relied on the Account Application and the Distributor Agreement when it subsequently provided goods and services to IDOF Taylor.

28. Between November 2021 and February 2022, PFG delivered goods and services to IDOF Taylor at IDOF Taylor's request priced at $29,940.39.

29. IDOF Taylor accepted the goods and services.

30. PFG demanded payment from IDOF Taylor and billed IDOF Taylor by invoice for the goods and services provided, but IDOF Taylor failed to pay the open invoices. A true copy of

the Account Statement reflecting the unpaid invoices and open account balance is attached hereto as **Exhibit 5**.

31. There remains due and owing $29,940.39 from IDOF Taylor to PFG for the goods and services provided to IDOF Taylor between November 2021 and February 2022, in addition to the $56,250.00 in return loyalty allowance owed by IDOF Taylor to PFG under the Distributor Agreement, for a total sum of $86,190.39 owed by IDOF Taylor to PFG.

32. IDOF Taylor is further liable to PFG under the Account Application for contractual interest of 1.5% per month ($449.11/month since May 2, 2022) and all costs of collection incurred by PFG, including attorney's fees and expenses.

33. PFG has complied with all conditions precedent to its right to recovery hereunder.

## COUNT III – BREACH OF CONTRACT
### (as to defendant IDOF NavyPier)

34. PFG repeats and realleges the allegations in paragraphs 1 through 33 of this complaint as if fully set forth herein.

35. On May 16, 2018, IDOF NavyPier tendered to PFG an Account Application. A true copy of the Account Application is attached hereto as **Exhibit 6**.

36. PFG accepted the Account Application, and a line of credit was approved based upon the terms of the Account Application.

37. PFG relied on the Account Application and the Distributor Agreement when it subsequently provided goods and services to IDOF NavyPier.

38. Between November 2021 and February 2022, PFG delivered goods and services to IDOF NavyPier at IDOF NavyPier's request priced at $21,127.09.

39. IDOF NavyPier accepted the goods and services.

40. PFG demanded payment from IDOF NavyPier and billed IDOF NavyPier by invoice for the goods and services provided, but IDOF NavyPier failed to pay the open invoices. A true copy of the Account Statement reflecting the unpaid invoices and open account balance is attached hereto as **Exhibit 7**.

41. There remains due and owing $21,127.09 from IDOF NavyPier to PFG for the goods and services provided to IDOF NavyPier between November 2021 and February 2022, in addition to the $56,250.00 in return loyalty allowance owed by IDOF NavyPier to PFG under the Distributor Agreement, for a total sum of $77,377.09 owed by IDOF NavyPier to PFG.

42. IDOF NavyPier is further liable to PFG under the Account Application for contractual interest of 1.5% per month ($316.91/month since May 2, 2022) and all costs of collection incurred by PFG, including attorney's fees and expenses.

43. PFG has complied with all conditions precedent to its right to recovery hereunder.

### COUNT IV – BREACH OF CONTRACT
### (as to defendant IDOF Mgmt)

44. PFG repeats and realleges the allegations in paragraphs 1 through 43 of this complaint as if fully set forth herein.

45. As of November 2021, IDOF Mgmt operated multiple I Dream Of Falafel restaurants, including under the trade names IDOF Jackson, IDOF Loyola Station and IDOF Commissary.

46. IDOF Jackson and IDOF Loyola Station had previously tendered to PFG Account Applications which enabled IDOF Mgmt to purchase goods and services on credit according to the terms of the Account Applications. True copies of the Account Applications for IDOF Jackson and IDOF Loyola Station are attached hereto as **Exhibits 8 and 9**, respectively.

47. PFG relied on the Account Applications and the Distributor Agreement when it subsequently provided goods and services to IDOF Mgmt.

48. Between November 2021 and February 2022, PFG delivered goods and services to IDOF Mgmt at IDOF Mgmt's request priced at $51,993.22.

49. IDOF Mgmt accepted the goods and services.

50. PFG demanded payment from IDOF Mgmt and billed IDOF Mgmt by invoice for the goods and services provided, but IDOF Mgmt failed to pay the open invoices. True copies of the Account Statements reflecting the unpaid invoices and open account balances for each of the restaurants operated by IDOF Mgmt are attached hereto as **Exhibit 10**.

51. There remains due and owing $51,993.22 from IDOF Mgmt to PFG for the goods and services provided to IDOF Mgmt between November 2021 and February 2022, in addition to the $56,250.00 in return loyalty allowance owed by IDOF Mgmt to PFG under the Distributor Agreement, for a total sum of $108,243.22 owed by IDOF Mgmt to PFG.

52. IDOF Mgmt is further liable to PFG under the Account Applications for contractual interest of 1.5% per month ($738.54/month since May 2, 2022) and all costs of collection incurred by PFG, including attorney's fees and expenses.

53. PFG has complied with all conditions precedent to its right to recovery hereunder.

**COUNT V -- BREACH OF GUARANTY**
**(as to defendant Imran Kasbati)**

54. PFG repeats and realleges the allegations in paragraphs 1 through 53 of this complaint as if fully set forth herein.

55. To induce PFG to extend credit to the IDOF Entities, and to enter the Distributor Agreement with the IDOF Entities, Imran Kasbati tendered to PFG his Personal Guaranty in each of the Account Applications as well as the Distributor Agreement, whereby Imran Kasbati

personally guaranteed the payment to PFG of all sums due and owing to PFG by the IDOF Entities, including interest and attorney's fees.

56. On October 23, 2019, IDOF Bucktown Inc., d/b/a IDOF Fresh Mediterranean ("IDOF Fresh Mediterranean"), tendered to PFG an Account Application. A true copy of the Account Application is attached hereto as **Exhibit 11**.

57. PFG accepted the Account Application, and a line of credit was approved based upon the terms of the Account Application.

58. PFG relied on the Account Application when it subsequently provided goods and services to IDOF Fresh Mediterranean.

59. Between November 2021 and February 2022, PFG delivered goods and services to IDOF Fresh Mediterranean at IDOF Fresh Mediterranean's request priced at $11,906.93.

60. IDOF Fresh Mediterranean accepted the goods and services.

61. PFG demanded payment from IDOF Fresh Mediterranean and billed IDOF Fresh Mediterranean by invoice for the goods and services provided, but IDOF Fresh Mediterranean failed to pay the open invoices. A true copy of the Account Statement reflecting the unpaid invoices and open account balance is attached hereto as **Exhibit 12**.

62. There remains due and owing $11,906.93 from IDOF Fresh Mediterranean to PFG for the goods and services provided to IDOF Fresh Mediterranean between November 2021 and February 2022.

63. IDOF Fresh Mediterranean is further liable to PFG under the Account Application for contractual interest of 1.5% per month ($178.60/month since May 2, 2022) and all costs of collection incurred by PFG, including attorney's fees and expenses.

64. To induce PFG to extend credit to the IDOF Fresh Mediterranean, Imran Kasbati tendered to PFG his Personal Guaranty in the Account Application, whereby Imran Kasbati personally guaranteed the payment to PFG of all sums due and owing to PFG by IDOF Fresh Mediterranean, including interest and attorney's fees.

65. By virtue of his guaranties to pay the obligations owed to PFG by the IDOF Entities and IDOF Fresh Mediterranean, Imran Kasbati is liable to PFG in the sum of $212,336.69, together with contractual interest and attorney's fees.

66. PFG has demanded payment from Imran Kasbati.

67. Imran Kasbati materially breached his guaranties by failing to pay the amounts due.

68. As a direct result of Imran Kasbati's failure to pay on his guaranties, PFG has sustained damages in the amount of $212,336.69, together with contractual interest of 1.5% per month ($2,299.95/month since May 2, 2022) and all costs of collection incurred by PFG, including attorney's fees and expenses.

69. PFG has complied with all conditions precedent to its right of recovery hereunder.

**WHEREFORE**, PFG demands judgment against defendants as follows:

a) As to Count I, judgment in the sum of $97,369.06 against IDOF Belmont together with contractual interest of $616.79/month since May 2, 2022, contractual attorney's fees and expenses.

b) As to Count II, judgment in the sum of $86,190.39 against IDOF Taylor together with contractual interest of $449.11/month since May 2, 2022, contractual attorney's fees and expenses.

c) As to Count III, judgment in the sum of $77,377.09 against IDOF NavyPier together with contractual interest of $316.91/month since May 2, 2022, contractual attorney's fees and expenses.

d) As to Count IV, judgment in the sum of $108,243.22 against IDOF Mgmt together with contractual interest of $738.54/month since May 2, 2022, contractual attorney's fees and expenses.

e) As to Count V, judgment in the sum of $212,336.69 against Imran Kasbati together with contractual interest of $2,299.95/month since May 2, 2022, contractual attorney's fees and expenses.

f) Such other relief as the Court deems just and proper.

Dated this 30th day of May 2023.

 *s/ Zach S. Whitney*
Zach S. Whitney
KOHNER, MANN & KAILAS, S.C.
Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone: (414) 962-5110

zwhitney@kmksc.com
*Attorneys for Performance Food Group, Inc.*